**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ALBERTO PAGAN,           )
         Petitioner,       )
                         )    **C.A. No. 07-28 Erie**
         vs.             )    **District Judge McLaughlin**
                         )    **Magistrate Judge Baxter**
MARILYN S. BROOKS, et al.,   )
         Respondents.    )


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


## I.      RECOMMENDATION

_____It is respectfully recommended that Respondents' Motion to Transfer Proceeding [Document # 12] be granted and the instant petition for writ of habeas corpus be transferred to the Eastern District of Pennsylvania.


## II.    REPORT

_____This is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by a state prisoner presently incarcerated at the State Correctional Institution at Albion in the Western District of Pennsylvania.

In his petition, Petitioner Alberto Pagan claims that he was convicted in 1999 of attempted murder, three counts of aggravated assault on a police officer, reckless endangerment, and related firearms offenses after he repeatedly fired a handgun at three Philadelphia, Pennsylvania police officers riding in a marked police wagon. He is currently serving a sentence of 22 to 44 years' imprisonment. As grounds for habeas relief, Petitioner challenges the legality of his conviction. Title 28 U.S.C. §2241(d) provides that where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a state court of a state which contains two or more federal judicial districts,

1

> the application may be filed in the district court for the district
> wherein such person is in custody or in the district court for the
> district within which the state court was held which convicted and
> sentenced him and each of such district courts shall have
> concurrent jurisdiction to entertain the application.  The district
> court for the district wherein such an application is filed in the
> exercise of its discretion and in furtherance of justice may transfer
> the application to the other district court for hearing and
> determination.

28 U.S.C. §2241(d).  See also, Bell v. Watkins, 692 F.2d 999 (5th Cir. 1982) (the district court transferred the action on the basis of the magistrate's recommendation which indicated that the district where the defendant was convicted was the more convenient forum because of the accessibility of evidence).

In the case at bar, Petitioner was tried and convicted of the challenged offenses in Philadelphia County, Pennsylvania.  Petitioner's records are located there.  He is presently incarcerated at the State Correctional Institution at Albion, within the Western District of Pennsylvania.  Philadelphia County is located in the Eastern District of Pennsylvania.  This Court finds that the interests of justice would be better served by transferring this petition to the Eastern District of Pennsylvania wherein all activity in this case occurred.


**III.   CONCLUSION**

It is respectfully recommended that Respondents' Motion to Transfer Proceeding [Document # 12] be granted and the petition for writ of habeas corpus be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §2241(d).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636 (b)(1) (B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven days from the date of service of objections to respond

thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.  <u>See</u>

<u>e.g.</u>, <u>Nara v. Frank</u>, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 8, 2007).


<u>S/Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge


Dated: October 11, 2007

cc:     The Honorable Sean J. McLaughlin
        United States District Judge

3